QUINCE, Judge.
This case arises out of a drug sting which resulted in Lashay Lewis’ arrest for sale or delivery of cocaine and possession of cocaine. Based on Lewis’ argument that the police lacked probable cause to search his vehicle, the trial court suppressed the evidence as having been obtained during an unlawful warrantless search by the police. The State challenges the suppression order, and we reverse because the search was supported by probable cause.
A reliable police confidential informant (Cl) contacted the police to advise them of a drug operation involving Lewis and Eth-ridge, and an outside dealer. Ethridge was the middle man who actually handled the transaction with the buyer. The Cl specifically told the police that Ethridge would get the money from a buyer then step out of the apartment to obtain the drugs from his source. Once Ethridge had obtained the drugs from the source, he would return with the drugs for the buyer. This information was relayed to experienced narcotics officers.
In response to this information, the police decided to set up a drug sting involving the Cl as a buyer. At the direction of the police, the Cl arranged to meet Ethridge to purchase drugs. This conversation was monitored by the police. The police then gave the Cl marked cash and searched him to ensure he carried no drugs and only carried the marked money. Thereafter, the police brought the Cl to Ethridge’s apartment to make a purchase.
At the scene, members of the surveillance team observed Ethridge standing by Lewis’ car prior to the Cl’s arrival. Once the Cl arrived, the police observed Ethridge leave the car and come over to the CL They saw both the Cl and Ethridge enter Ethridge’s *1164 apartment. They observed Ethridge immediately leave the apartment and approach Lewis’ car. Ethridge stuck his hand into the driver’s side window of Lewis’ vehicle and quickly returned to the apartment. Thereafter, the police heard the Cl, who was wired with a hidden microphone, confirm that he had received the drugs. The Cl left the apartment and reported to the police that he had given Ethridge the money, that Ethridge left the apartment, came back, and gave him drugs. Simultaneously, Lewis departed the scene.
Our examination of the totality of the circumstances convinces us that the police had probable cause to search Lewis’ vehicle. Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995). The police verified all of the information given them by the Cl. They observed the Cl, as buyer, enter Ethridge’s apartment. They then saw Ethridge exit his apartment and approach Lewis’ car and stick his hand inside. The police had been told that Ethridge would leave his apartment to get the drugs from a source. Ethridge, thereafter, returned to his apartment and gave drugs to the CI. These facts and cir-' cumstances gave the police probable cause to believe that Lewis was Ethridge’s source and that there were drugs or money in Lewis’ vehicle.
We reverse the suppression order and remand for further proceedings.
PATTERSON, A.C.J., and GREEN, J., Concur.